IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY RHINES,** | : | Civil No. 3:12-CV-1601 |
| **Plaintiff** | : | |
| | : | (Judge Nealon) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

**REPORT AND RECOMMENDATION**

I.  **Statement of Facts and of the Case**

The Plaintiff is a federal prisoner housed in the United States Penitentiary, Canaan. Liberally construed, in his complaint, the Plaintiff brings an action against the United States, alleging that the United States failed to provide him with adequate food and medical care. (Doc. 1.) Specifically, the Plaintiff's *pro se* complaint recites that, on June 25, 2011, the prison served inmates chicken fajitas. (Doc. 1.) According to the Plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the Plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomitting, inability to eat and profuse sweating. (Id.) While

couched as an action against the United States brought under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.,* the Plaintiff's complaint also appears to allege constitutional torts against the United States, asserting: "The Defendant violated Plaintiff's right under the Eighth Amendment to be free from cruel and unusual punishment." (Id., p.11.) Along with this complaint, the Plaintiff has filed a motion for leave to proceed *in forma pauperis.* (Doc. 2.) For the reasons set forth below, we will grant this motion for leave to proceed *in forma pauperis,* (Doc. 2.), but as part of our legally mandated screening process for *pro se, in forma pauperis* complaints we recommend that any Eighth Amendment claim lodged by the Plaintiff against the United States be dismissed, in favor of claims brought against this Defendant solely under Federal Tort Claims Act.

**II.     Discussion**

**A.     Screening of *Pro Se* Prisoner Complaints–Standard of Review**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints filed by prisoners who seek leave to proceed *in forma pauperis* which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a

civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more

heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint

states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must

5

then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations

which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. The Eighth Amendment Claims in the Complaint Against The United States Must be Dismissed

In this case, the Plaintiff has cast his complaint as a lawsuit brought under the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.* However, while the Plaintiff's complaint only named the United States as a Defendant, it appears to contain claims beyond Federal Tort Claims Act allegations. Specifically, the complaint also alleges that the United States is liable because: "The Defendant violated Plaintiff's right under the Eighth Amendment to be free from cruel and unusual punishment." (Id., p.11.) To the extent that the Plaintiff wishes to bring a constitutional tort claim against the United States in this lawsuit it is clear that he may not maintain this particular claim against the United States government.

For inmate-plaintiffs, Bivens constitutional tort actions and Federal Tort Claims Act lawsuits have very different requirements in terms of the parties that may properly be named as defendants. With respect to inmate claims made under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*., as a threshold matter, "[t]he FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674." Moshier v. United States, No. 05-180, 2007 WL 1703536, * 9 (W.D. Pa. June 11, 2007); Baker

v. United States, No. 05-146, 2006 WL 1946877, * 4 (W.D. Pa. July 11, 2006). In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)); CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008). Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). A person is permitted to sue under the FTCA to recover damages from the United States for personal injuries that he suffered during confinement in a federal prison that resulted from the negligence of a government employee. See Rinaldi v. United States, No. 1:09-CV-1700, 2010 U.S. Dist. LEXIS 66024, at *11 (M.D. Pa. July 1, 2010) (Rambo, J.) (citing United States v. Muniz, 374 U.S. 150 (1963)).

However, due to the exclusive nature of the remedy available under the FTCA, and its jurisdictional prerequisites, a court may not entertain a civil suit for a claim cognizable under 28 U.S.C. § 1346(b) against "any employee of the Government

8

while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); see also Meyer, 510 U.S. at 476. As the United States Court of Appeals for the Third Circuit recently observed in affirming the dismissal of individual defendants from an inmate FTCA action: "The only proper defendant in an FTCA suit is the United States itself. See 28 U.S.C. § 2671 et seq. The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees 'under circumstances where ... a private person ... would be liable' under applicable state tort law. See 28 U.S.C. § 1346(b)(1)." Feaster v. Federal Bureau of Prisons, 366 F. App'x 322, 323 (3d Cir. 2010). Therefore, when inmates bring actions against individual government officers for negligence under the FTCA the proper course to follow is to substitute the United States for these individual defendants and dismiss the individual defendants. Id.

In contrast to FTCA actions, which must be brought against the United States, Bivens constitutional tort lawsuits can only be lodged against individual government officials. Indeed, it is well-settled that Bivens actions against the United States – and, by extension, against federal agencies or officials sued in their official capacity – are barred by sovereign immunity, absent an explicit waiver of that immunity. FDIC v. Meyer, 510 U.S. 471, 483 (1994); Huberty v. United States Ambassador to Costa Rica, 316 F. App'x 120 (3d Cir. Aug. 21, 2008); Douglas v. United States, 285 F. App'x 955 (3d Cir. 2008); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979);

9

Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).  Therefore, a Bivens action cannot be brought against the United States, or a federal agency, since such claims are plainly barred by the doctrine of sovereign immunity.

These principles defining proper parties in Bivens and FTCA actions control here and compel dismissal of any constitutional tort claims which the Plaintiff currently attempts to lodge against the United States in this case.  Since the Plaintiff's complaint makes it unmistakably clear that the Plaintiff is currently proceeding against the United States under the FTCA, and since Bivens actions against the United States are barred by sovereign immunity, absent an explicit waiver of that immunity, FDIC v. Meyer, 510 U.S. 471, 483 (1994), any constitutional tort claims lodged against the United States must be dismissed under the doctrine of sovereign immunity.

This does not mean that Rhines is not entitled to any relief from the United States in this action.  Quite the contrary, Rhines may still maintain an FTCA action against the United States, which has expressly waived sovereign immunity for such tort claims.  Rhines, however, may not sue the United States for a constitutional tort.[1]

---

[1] Of course, we do not opine regarding whether the United States has any meritorious defenses to this claim. Assessment of the merits of this claim must await further proceedings in this litigation.

Having conducted this screening analysis and determined that the complaint is wanting in this one respect, we recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see <u>Fletcher-Hardee Corp. v. Pote Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay.  <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). Therefore, the constitutional tort claims lodged in complaint against the United States should be dismissed without prejudice to allowing the Plaintiff one, final opportunity to determine whether amend this complaint to name any further claims or parties, beyond the pending Federal Tort Claims Act lawsuit, ("FTCA") 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*. against the United States, provided the Plaintiff acts promptly.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED (Doc. 2.), but that the Plaintiff's constitutional tort claims lodged in complaint against the United States should be dismissed without prejudice to the Plaintiff endeavoring to correct the defects noted in this report and recommendation, and attempting to bring any further claims or parties, beyond the pending Federal Tort Claims Act lawsuit, ("FTCA") 28

U.S.C. § 2401, *et seq.* and 28 U.S.C. § 2675, *et seq.* against the United States, provided that the Plaintiff acts within 20 days of any dismissal order.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of August, 2012.

                                                  *S/Martin C. Carlson*
                                                Martin C. Carlson
                                                United States Magistrate Judge