# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY RHINES,
    Plaintiff

v.

UNITED STATES OF AMERICA,
    Defendant

CIVIL NO. 3:12-CV-1601

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

On August 15, 2012, Plaintiff, Gary Rhines, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that while he was confined at the Canaan United States Penitentiary in Waymart, Pennsylvania, he suffered Salmonella poisoning from eating chicken that the prison staff knew was contaminated. (Id.). Plaintiff also filed a motion for leave to proceed in forma pauperis. (Docs. 2, 10). On August 20, 2012, Magistrate Judge Martin C. Carlson screened the complaint and issued a Report and Recommendation ("R&R") concluding that Plaintiff's constitutional claims should be dismissed without prejudice and Plaintiff should be given an opportunity to amend his complaint to bring claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, et seq. (Doc. 8). On September 4, 2012, in leu of filing objections, Plaintiff filed an amended complaint raising all claims pursuant to the FTCA. (Doc. 9). For the reasons set forth below, the R&R will be adopted, Plaintiff's amended complaint will be accepted[1], and the matter will be remanded to the Magistrate Judge for further proceedings.

---

[1]This Court is offering no opinion as to the sufficiency of the amended complaint, but sees no reason to afford additional time for an amendment that has already been made.

## Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In the absence of objections, this Court will review the instant action for plain error.

## Discussion

Magistrate Judge Carlson explains that the "Court has a statutory obligation to conduct a preliminary review of pro se complaints filed by prisoners who seek leave to proceed in forma pauperis which seek redress against government officials." (Doc. 8, p. 2). Pursuant to 28 U.S.C. § 1915A, a court must dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted; or one that seeks monetary relief from a defendant who is immune. (Id. at pp. 2-3); see also 28 U.S.C. § 1915(e). The Magistrate Judge determines that the

statute's text mirrors the language in Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id.). The R&R then outlines the applicable pleading standards. See (Doc. 8, pp. 3-7), citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations"); FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Magistrate Judge Carlson states that the court must accept as true all allegations in the complaint and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. (Id. at p. 4) (citing Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994)).

Magistrate Judge Carlson finds that the complaint, naming only the United States as Defendant, contains claims beyond the FTCA allegations and raises an Eighth Amendment violation. (Doc. 8, p. 7). The R&R explains that Bivens[2] actions and FTCA lawsuits have different requirements as to whom may be properly named as a defendant. (Id.) (citing Moshier v. United States, 2007 U.S. Dist. LEXIS 42179 (W.D. Pa. 2007)). Specifically, an FTCA claim must be brought against the United States, while a Bivens action may only be filed against individual government officials. (Doc. 8, pp. 8-10) (discussing the doctrine of sovereign immunity). The Magistrate Judge determines that because Plaintiff is only proceeding against the United States, his constitutional claims must be dismissed; but, he may maintain an FTCA

---

[2]Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

action against the United States. (Id.). Magistrate Judge Carlson recommends that Plaintiff be given an opportunity to amend his complaint and that his motion for leave to proceed in forma pauperis be granted. (Id. at p. 11).

On September 4, 2012, Plaintiff filed a letter regarding the R&R explaining that he no longer wishes to bring an Eighth Amendment claim. (Doc. 9). Plaintiff states that he would like to amend his complaint and attaches an amended complaint pursuant to the FTCA. (Id.).

After review, and in the absence of objections, this Court finds no error in the R&R and it will be adopted. This Court accepts Plaintiff's amended pleading and will remand this action to Magistrate Judge Carlson for further proceedings.

A separate Order will be issued.

Date: January 29, 2013

**United States District Judge**