IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JUL 21 2014
PER _____
DEPUTY CLERK

| | | |
|---|---|---|
| GARY RHINES, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 3:12-CV-1601 |
| v. | : | |
| | : | (JUDGE NEALON) |
| UNITED STATES OF AMERICA, | : | (MAGISTRATE JUDGE CARLSON) |
| Defendant | : | |

## MEMORANDUM

On August 15, 2012, Plaintiff, Gary Rhines, an inmate currently incarcerated in the Allenwood Federal Correctional Institution in White Deer, Pennsylvania filed a complaint alleging that while he was confined in the Canaan United States Penitentiary in Waymart, Pennsylvania, he suffered Salmonella poisoning from eating chicken that the prison staff knew was contaminated. (Doc. 1). Plaintiff filed a motion for summary judgment on May 6, 2014. (Doc. 50). On May 28, 2014, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") concluding that the motion may be deemed withdrawn for Plaintiff's failure to file a supporting brief and, further, finding that the motion fails on its merits because there are disputed issues of material fact precluding the entry of summary judgment. (Doc. 53). Plaintiff filed objections to the R&R on June 19, 2014. (Doc. 55). For the reasons set forth below, the R&R will be adopted, the summary judgment motion will be denied, and the matter will be

remanded to Magistrate Judge Carlson for further proceedings.

**Background**

Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 on August 15, 2012. (Doc. 1). On August 20, 2012, Magistrate Judge Carlson screened the complaint and issued an R&R concluding that Plaintiff's constitutional claims should be dismissed without prejudice and he should be given an opportunity to amend his complaint to bring claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, et seq. (Doc. 8). On September 4, 2012, in leu of filing objections, Plaintiff filed an amended complaint raising all claims pursuant to the FTCA. (Doc. 9). The R&R was adopted on January 29, 2013, and Plaintiff's amended complaint was accepted. (Docs. 17-18).

Thereafter, the action was referred to mediation. (Docs. 22, 30-33). On January 15, 2014, the Mediator reported that settlement was not reached. (Doc. 36). Accordingly, Magistrate Judge Carlson issued a case management order setting, inter alia, discovery and dispositive motions deadlines. See (Doc. 37). Notably, on February 4, 2014, the Magistrate Judge denied Plaintiff's motion to appoint counsel. (Docs. 42-43) (citing Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993)).

2

On May 6, 2014, Plaintiff filed a motion for summary judgment. (Doc. 50). Defendant filed a brief in opposition thereto and statement of facts on May 27, 2014. (Docs. 51-52). Magistrate Judge Carlson issued an R&R on May 28, 2014, recommending that the motion be denied. (Doc. 53). On June 19, 2014, Plaintiff filed objections to the R&R. (Doc. 55).

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a <u>de novo</u> review of those portions of the report to which specific objections are made. See <u>Henderson v. Keisling</u>, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing <u>Goney v. Clark</u>, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete <u>de novo</u> determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the

plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.  See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the R&R, Magistrate Judge Carlson first determines that because Plaintiff failed to file a brief in support of his motion for summary judgment, it may be deemed withdrawn.  (Doc. 53, p. 3), citing Salkeld v. Tennis, 248 Fed. Appx. 341, 343 (3d Cir. 2007) ("find[ing] no error in the District Court's decision deeming [the plaintiff's] motion for a temporary restraining order withdrawn because of [his] failure to comply with a local rule requiring the timely filing of a supporting legal brief"); L.R. M.D. Pa. 7.5 (providing that "[i]f a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn").  Next, the Magistrate Judge, after discussing the applicable standards of review, finds "that there is a fundamental, factual dispute between the parties

4

regarding whether Rhines suffered from food poisoning, the factual predicate to this negligence claim." (Doc. 50, pp. 4-6), citing FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Consequently, Magistrate Judge Carlson concludes that "this issue may not be resolved on summary judgment, and [Plaintiff's] motion for summary judgment should be denied." (Id.).

In his objections, Plaintiff seeks leave to file a brief in support of his summary judgment motion and argues that he meets the factors set forth in Tabron to warrant the appointment of counsel. (Doc. 55) (citing Tabron, 6 F.3d 147). Because he does not specifically object to any portion of the R&R, beyond merely disagreeing with the recommendation, the matter will be reviewed for clear error.

As to Plaintiff's request for leave to file a supporting brief, the request will be denied. On August 16, 2012, he was served with this Court's Standing Practice Order, which advised him that he is responsible for reading and complying with the Local Rules. (Doc. 5) (attaching a copy of the Rules governing, inter alia, the submission of briefs, motions for reconsideration, and motions for summary judgment). See also McNeil v. United States, 508 U.S. 106, 113 (1993) (explaining that pro se litigants are required to adhere to the standard rules of civil

5

procedure). But, Plaintiff failed to timely file a supporting brief or to seek additional time in which to do so. Magistrate Judge Carlson's determination that the summary judgment motion may be deemed withdrawn for failing to comply with the Local Rules will therefore be adopted and the objection overruled.

This Court also agrees with the Magistrate Judge's conclusion that the motion should be denied on its merits as the record shows a fundamental factual dispute. Accordingly, the R&R will be adopted. Nevertheless, because the Court did not have the opportunity to review Plaintiff's supporting arguments and exhibits, if any, and because, pursuant to the case management order issued on January 15, 2014, he has until August 15, 2014, to file dispositive motions, the summary judgment motion will be denied without prejudice. See (Doc. 37). Plaintiff may, if he so chooses, file a new motion for summary judgment, along with the required supporting documents, on or before August 15, 2014. He is strongly advised, however, to consider whether the issue may be resolved on summary judgment before filing any such motion.

Finally, to the extent Plaintiff's objections seek reconsideration of the order denying his motion to appoint counsel, which was issued on February 4, 2014, his request is untimely. See M.D. L.R. 7.10 ("Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen

(14) days after the entry of the order concerned."). However, Magistrate Judge Carlson denied the motion to appoint counsel "without prejudice to re-examining this issue as this litigation progresses." (Doc. 43, p. 4). If Plaintiff wishes to renew his request for counsel, he may do so in a properly filed motion.

**Conclusion**

After reviewing the R&R for clear error and finding none, Magistrate Judge Carlson's recommendation that Plaintiff's summary judgment motion be denied will be adopted. Not only did Plaintiff fail to file a supporting brief as required by the local rules, but there are disputed issues of material fact that preclude the entry of summary judgment at this time.

A separate Order will be issued.

Date: July 21, 2014                    **United States District Judge**