IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY RHINES, | : | Civil No. 3:12-CV-1601 |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

This is an action brought by Gary Rhines, an inmate in the custody of the Federal Bureau of Prisons, currently housed at the Federal Correctional Institution at Allenwood, in White Deer, Pennsylvania. Along with several hundred other inmates, Rhines sued the United States pursuant to the Federal Tort Claims Act[1] for injuries allegedly sustained as a result of an incident of food poisoning that occurred at the United States Penitentiary in Canaan, Pennsylvania in June 2011. Many of these lawsuits have been resolved through settlement agreements; in Rhines's case, the parties engaged in mediation but the case did not settle. The United States does not dispute that a salmonella outbreak occurred at USP-Canaan, and that a large number

---

[1] 28 U.S.C. §§ 2671 et seq.

of inmates were sickened as a result. The United States does, however, contest Rhines's claims that he was actually sickened, or that he suffered any damages.

Rhines, who is proceeding *pro se*, has filed a motion to compel the United States to provide further answers or responses to two discovery requests that he propounded in support of his claims. The United States has objected to each request, and has provided Rhines with an explanation for why the requests are irrelevant or overbroad, or otherwise objectionable. The United States has also explained persuasively for the Court why Rhines's discovery requests, as currently framed, are overly broad, unduly burdensome, and irrelevant, and we agree that Rhines's motion to compel should be denied at this time.[2]

## II.     DISCUSSION

### A.     Relevant Legal Standards

Rule 26(b)(1) of the Federal Rules of Civil Procedure supplies the scope and limitations governing the use of discovery in a federal civil action:

---

[2] The Court has provisionally granted Rhines's request that he be appointed counsel to represent him in this action. (Doc. 70.) As of the date of this order, however, counsel willing to accept an appointment has not been identified. If willing counsel is identified and enter their appearance in this case, Rhines will be permitted to renew his motion to compel further production, provided that Rhines's counsel believes that such a motion is advisable and can articulate persuasive reasons for the requests. However, as currently postured, Rhines's discovery requests have been adequately answered, and there is no basis to compel the United States to provide further responses at this time.

>(1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  Issues relating to the scope of discovery permitted under the Rules are to be resolved, almost exclusively, at the discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manrizuez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

    Rule 34 of the Federal Rules of Civil Procedure specifically provides for the use of written requests for the production of documents as part of the discovery process. Fed. R. Civ. P. 34.  The rule also sets forth the process by which the party receiving the discovery request must respond, and authorizes that party to object to particular requests.  Fed. R. Civ. P. 34(b)(2)(C).

Rule 37 authorizes a party to move to compel disclosure if the discovery propounding discovery believes that it has received incomplete or inadequate answers to discover authorized under Rule 26.  Fed. R. Civ. P. 37.  With respect specifically to requests for production of documents and interrogatories, Rule 37 provides:

> (B) To Compel a Discovery Response.  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:
> ...
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B).  Rule 37 further states that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  Rule 37(a) further provides that if a court grants a motion to compel, it must require the party whose conduct necessitated the motion to pay the moving party's fees unless, *inter alia*, the movant filed the motion without attempting in good faith to obtain the discovery without resorting to court action, or where other circumstances make an award of expenses unjustified.  Fed. R. Civ. P. 37(a)(5)(A).

**B.     Rhines's Discovery Requests**

Rhines served a Request for Production of Documents upon the defendant on or about October 14, 2014.  The United States timely responded to the requests on November 5, 2014.  In its response, the United States objected that one request, for pathology reports and related documentation "identifying the source of the salmonella bacteria causing illness outbreak," was irrelevant because the United States was not contesting the fact that there was a salmonella outbreak on or around June 25, 2011, and agreed that the United States is responsible for serving the food that caused the outbreak.  The United States objected to a second request for staff log books that related to the salmonella outbreak and medical personnel visiting the prison in response, asserting that the request was overbroad, vague, irrelevant, and offensive to security concerns of the institution.  Dissatisfied with the United States' responses, on December 1, 2014, Rhines filed the pending motion seeking to compel further production.

> **1.     Documents Identifying the Source of the Food Poisoning Outbreak are Irrelevant Because the United States Has Acknowledged that a Salmonella Outbreak Occurred in June 2011, and That it is Responsible for the Outbreak**

Rhines's first request seeks further production of documents identifying the source of the salmonella outbreak.  The United States has objected that this request

is irrelevant, since there is no dispute in this case that there was a salmonella outbreak, and that the United States is responsible for the outbreak because the prison served chicken that was tainted with the bacteria. Rhines has responded to the United States' objection essentially by transmogrifying his original request for information about the outbreak into one seeking information from his own medical records in order to "show carelessness and unprofessionalism of food service employees." (Doc. 71, at 1.) The United States observes that it has already produced Rhines's medical records from 2011 through mid-2013, and thus his recent request that he be provided this information (perhaps in lieu of information "identifying the source of the salmonella bacteria causing illness outbreak") is moot.

The Court agrees with the United States that Rhines's discovery request, as originally stated, is irrelevant because whether there was a salmonella outbreak at USP-Canaan in June 2011 is not disputed, and the United States agrees that it is responsible for the outbreak that indisputably occurred. Thus, we are unable to perceive why Rhines would need to review documents that identified the source of a food poisoning outbreak that the United States acknowledges occurred at the prison. To the extent that Rhines has abandoned his original request in favor of one seeking his own personal medical records, the United States has already provided these

documents to Rhines, and thus there would appear to be nothing further for the United States to produce in response.

> **2. Rhines Has Not Persuasively Shown Why He Should Permitted to Discover Information from the D1 Staff Log Books**.

In his second request, Rhines seeks "any and all information from housing unit D1 Staff Log Books relating to the salmonella [outbreak] at U.S.P. Canaan, on June 25, 2011." The United States has objected to this request on the grounds that it is overbroad, vague, irrelevant and "offensive to security concerns of the institution." (Doc. 73, at 3.) The United States observes that Rhines has argued that he only seeks the staff log books for a two-week period in order to show "the time line medical staff visited the housing unit" and to show "staff's input, their thoughts and comments on the outbreak." (Id.)

It appears that Rhines may be seeking this information to support his claims that he was actually sickened as a result of the outbreak, and perhaps is seeking the staff reports to obtain evidence that could show he had complained of being sick, and that he was seen by medical personnel. Nevertheless, Rhines has not adequately articulated why he needs the requested information, and the Court is largely left to speculate on the purpose behind Rhines's request. The United States has also noted that staff log books such as those that Rhines seeks here contain sensitive information

and internal protocols that the Bureau of Prisons safeguards carefully for security reasons. Rhines has not adequately countered this legitimate basis for withholding the log books, and his meager argument in support of his request is not sufficient to overcome the United States' legitimate reasons for withholding the documents sought. Rhines's motion to compel further response will, therefore, be denied at this time.[3]

### III. ORDER

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED THAT the plaintiff's motion to compel the United States to provide a further response to the plaintiff's third request for production of documents (Doc. 71.) is DENIED without prejudice at this time.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[3] As noted above, this order denying Rhines's motion to compel will be entered without prejudice to Rhines renewing his request with the assistance of counsel, provided that counsel willing to represent Rhines is identified, and provided that counsel believes that there is a sound basis for renewing the request.