# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY RHINES,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

NO. 3:12-CV-1601

(JUDGE CAPUTO)

## **MEMORANDUM**

The Plaintiff, Gary Rhines, brings this action under the Federal Tort Claims Act for injuries he received as a result of ingesting chicken infected with the salmonella bacteria while an inmate in the United States Penitentiary - Canaan ("USP Canaan"), Pennsylvania.

Many inmates were affected by the salmonella bacteria when the chicken was eaten at the evening meal on June 25, 2011.

The Government admits liability, and the only issue for determination by me are the damages to which the Plaintiff is entitled. A trial was held before me on July 6, 2016. As a result of the trial and the evidence presented, I make the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

1. On June 25, 2011, Plaintiff Gary Rhines was incarcerated at USP Canaan, Waymart, Pennsylvania.

2. On June 25, 2011, Plaintiff was served and consumed chicken fajitas which were contaminated with salmonella bacteria.

    3.  After consuming the chicken fajitas, Plaintiff became ill with the following symptoms: vomitting, diarrhea, nausea, sweats, headaches, and abdominal cramps.  On June 25, 2011, after the meal, he involuntarily defecated in his pants in the presence of another inmate, Samuel Garcia.

    4.  Plaintiff's symptoms were the most severe for the first three days following the consumption of the chicken fajitas.

    5.  Plaintiff's vomitting and nausea continued for a few days after consuming the tainted chicken.

    6.  Plaintiff's abdominal cramps and diarrhea continued over three weeks from consumption, decreasing steadily over this period.

    7.  Plaintiff had a pre-existing upper gastro-intestinal condition for which he took Prylosec.

    8.  While Plaintiff was concerned that this condition could be made worse by the salmonella bacteria or vice versa, and, while there was no evidence to support either contention, he did suffer mental distress as a result of his concern.

    9.  As a result of the negligent service of the chicken fajitas contaminated with the salmonella bacteria and Plaintiff's consumption of it, Plaintiff suffered pain, mental distress, and the loss of the enjoyment of life in varying degrees spanning three weeks from June 25, 2011.

    10.  As result of the negligent service of the chicken fajitas contaminated with the salmonella bacteria and Plaintiff's consumption of it, Plaintiff suffered embarrassment and humiliation in varying degrees for a period of three weeks from June 25, 2011.

11. The Government's negligence was the factual cause of the Plaintiff's injuries.

12. Plaintiff suffered damages in the amount of $3,000.00.

## CONCLUSIONS OF LAW

1. Under the Federal Tort claims Act, the district court should apply the "law of the place where the act or omission occurred." 28 U.S.C. §1346(b).

2. Accordingly, since the act or omission occurred in Waymart, Pennsylvania, the Court applies the law of Pennsylvania.

3. The Government has admitted liability.

4. The damages are non-economic and include pain and suffering, embarrassment and humiliation, and the loss of the ability to enjoy the pleasures of life. *McManamon v. Washko*, 906 A.2d 1259, 1281-82 (Pa. Super. 2006); *see also* Pa. R. Civ. P. 223.3.

5. The Plaintiff has proven his damages by a preponderance of the evidence.

6. Judgment will be entered in favor of Plaintiff and against the Defendant in the amount of $3,000.00.

An appropriate Order follows.

Date: July 11, 2016                            /s/ A. Richard Caputo
                                               A. Richard Caputo
                                               United States District Judge