# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY RHINES, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-CV-1601 |
| v. | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM

Presently before me are three post-trial motions filed by Plaintiff Gary Rhines: (1) a motion to reconsider (Doc. 119) my July 11, 2016 Memorandum and Order (Doc. 116) awarding Plaintiff $3,000 for the pain, suffering, and mental distress he suffered as a result of salmonella poisoning while he was an inmate in the U.S. Penitentiary in Canaan, Pennsylvania ("USP Canaan"); (2) a motion to amend the complaint (Doc. 120); (3) and a motion to supplement the pleadings (Doc. 121). For the reasons discussed below, the motions will be denied.

## I. Factual Background

On August 15, 2012, Plaintiff brought an action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq.*, for injuries he received as a result of ingesting chicken infected with the salmonella bacteria while an inmate at USP Canaan.

The Government admitted liability, and the only issue for determination was the amount of damages. A bench trial was held on July 6, 2016, and I found that Plaintiff suffered damages in the amount of $3,000. (Doc. 116). The damages were non-economic and included pain and suffering, embarrassment and humiliation, and the loss of the ability

to enjoy the pleasures of life. (*Id.* at 3).

On August 11, 2016, Plaintiff filed a "motion to alter or amend the judgment pursuant to Rule 59(e)" (Doc. 119), a "motion to amend the complaint pursuant to Fed. R. Civ. P. 15(c) in light of intervening fact or newly discovered evidence" (Doc. 120), and a "motion for leave to supplement the pending motion pending before this Court pursuant to Rule 59(e)" (Doc. 121). The motions are fully briefed and ripe for disposition. I address each motion in turn.

## II. Motion to Alter or Amend Judgment

**1.    Legal Standard**

A motion for reconsideration is governed by Fed. R. Civ. R. 59(e), which allows a party to move to alter or amend a judgment within twenty-eight days of its entry. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No.

05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**2.    Analysis**

Plaintiff moves for reconsideration of my July 11, 2016 Order entering judgment in his favor in the amount of $3,000. (Doc. 119). Plaintiff asserts that "had he been free and not a convicted drug dealer," the award would have been higher. (*Id.* at 1). He also argues that he should have been permitted to submit a Certificate of Merit or medical expert testimony to show additional treatment options for salmonella poisoning. (*Id.* at 1-4).

Plaintiff's *belief* that he received a lower damages award because he is a "convicted drug dealer" does not constitute "new evidence." When entering judgment in Plaintiff's favor in the amount of $3,000, I took into account all the pertinent facts and attendant circumstances; Plaintiff's status as an inmate was irrelevant. The award is based on my finding that "as a result of the negligent service of the chicken fajitas contaminated with the salmonella bacteria and Plaintiff's consumption of it, Plaintiff suffered pain, mental distress, and the loss of the enjoyment of life in varying degrees spanning three weeks from June 25, 2011." (Doc. 116. ¶ 9). More importantly, Plaintiff's status as a "convicted drug dealer" is not new evidence because it was known to me during trial and did not affect its outcome. Plaintiff's motion amounts to nothing more than a request for me to rethink my decision, which is impermissible under Rule 59(e). *See, e.g.*, *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002); *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993).

Similarly, Plaintiff's argument that he should have been allowed to submit a Certificate

of Merit or medical expert testimony to allow me to decide if "Plaintiff was receiving the correct treatment" is meritless. At the heart of Plaintiff's case was the Defendant's negligence in serving tainted food. Liberally construed, the claim he now puts forward alleges medical malpractice. However, "reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill,* 2006 WL 529044, at *2. As such, I will deny Plaintiff's motion for reconsideration.

### III. Motion to Amend the Complaint Post-Trial

Plaintiff also requests permission to amend his complaint in light of "newly discovered evidence," which he argues will "shed light on the [Federal Bureau of Prison's] ("BOP") willful negligence." (Doc. 120, at 1). Plaintiff attaches a news article from June 2014 discussing a settlement reached between the U.S. Department of Agriculture ("USDA") and a Texas food supplier, concluding the USDA's investigation into the type and quality of meat the supplier provided to the BOP. (*Id.* at 5-6). The legal foundation for Plaintiff's post-trial motion to amend the complaint, however, is unclear.

Rule 15(b) provides for the amendment of a complaint during and after trial under two circumstances. The first is when an objection requires that the complaint be amended in order to better facilitate the presentation of evidence on the merits of the claims. Fed. R. Civ. P. 15(b)(1). The second is when the adverse party allows a claim to be tried by explicit or implicit consent. Fed. R. Civ. P. 15(b)(2); *Douglas v. Owens*, 50 F.3d 1226, 1235–36 (3d Cir.1995); *Liberty Lincoln–Mercury, Inc. v. Ford Motor Co.*, 676 F.3d 318, 326–27 (3d Cir.2012). *See also United States v. Hougham*, 364 U.S. 310, 315, 81 S.Ct. 13 (1960). Because Plaintiff does not fall within either circumstance, the motion will be denied.

### IV. Motion to Supplement a Pleading

Plaintiff also requests permission to supplement his pending Rule 59(e) motion in light of the same news article discussing a settlement between the USDA and a food supplier regarding the quality of meat the supplier provided to the Bureau of Prisons. (*Id.* at 5-6).

**1.    Legal Standard**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleadings . . . by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While Rule 15 liberally allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981). In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414 (citing *Heyl*, 663 F.2d at 425).

The only pertinent issue here is whether the proposed amendments are "futile." An amendment is futile if "the complaint, as amended, would fail to state a claim upon which

5

relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). In making this assessment, the Court must use the same standard of legal sufficiency employed under Fed. R. Civ. P. 12(b)(6). *Id.*

## 2.   Analysis

Even with the most charitable reading of Plaintiff's new allegations, his efforts are futile and insufficient to raise a right to relief above the speculative level. Plaintiff argues that the "newly discovered evidence," namely, the attached news article, will "shed light on the [BOP's] willful negligence." (Doc. 120, at 1). The attached article, however, does not claim that inmates were fed pet food, as he alleges; rather it claims that meat that was intended to be used as pet food was instead served to prisoners. Further, as the article points out, "there is no evidence of that anyone who consumed any of the . . . product suffered any ill effects." (Doc. 120, at 5). As such, it has no connection to this case. Plaintiff is trying to impermissibly add a new claim by supplementing a motion for reconsideration. As already stated, "reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.,* 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).

If Plaintiff claims that he suffered some separate dignitary harm upon learning that he was fed meat otherwise intended as pet food, he should pursue his claim in another suit. His food poisoning claim has already been carefully evaluated and adjudicated. His award encompasses "pain and suffering, embarrassment and humiliation, and the loss of the ability to enjoy the pleasures of life" he suffered as a result of the poisoning. (Doc. 116, at 3, ¶ 4). It was inconsequential for the determination of the damage award what the source of the

poisoning was: regular meat or meat intended as pet food. The core of his allegations in the case was that he suffered as a result of the negligent service of the chicken fajitas contaminated with salmonella. Plaintiff experienced "vomiting and nausea," "abdominal cramps and diarrhea," as well as "mental distress and the loss of the enjoyment of life in varying degrees spanning three weeks from June 25, 2011." (Id. at 2, ¶¶ 5-10). For that, he received a just damage award. His symptoms, the basis for the award, do not change somehow upon the discovery of the news article. Nor does the Federal Tort Claims Act allow for the recovery of punitive damages against the Government. *See* 28 U.S.C. § 2674. Nothing in his instant motion is relevant to whether or not the calculation of damages during Plaintiff's trial was correct. As such, his motion will be denied.

## V. Conclusion

For the reasons stated above, Plaintiff's motion to alter or amend the judgment (Doc. 119), motion for leave to supplement his motion to alter or amend the judgment (Doc. 120), and motion to amend his complaint will be denied (Doc. 121). An appropriate order follows.

September 28, 2016             /s/ A. Richard Caputo
Date                         A. Richard Caputo
                               United States District Judge